UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARYLIN MONAE GREEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-25-995-R |
| | ) |
| **JOHN/JANE DOES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter comes before the Court for review of the Orders [Doc. Nos. 6, 12] denying Plaintiff's requests for issuance of summons issued by United States Magistrate Judge Chris M. Stephens on September 4, 2025, and November 12, 2025. Plaintiff, who is proceeding pro se and *in forma pauperis*, has filed a Motion objecting to the denial of summons [Doc. No. 16]. She has also filed a Motion [Doc. No. 14] asking the Court to vacate the Order referring this case to Judge Stephens on September 3, 2025 [Doc. No. 5].

Upon consideration, the Court finds that Plaintiff objects to a magistrate judge's ruling on a nondispositive pretrial matter decided pursuant to 28 U.S.C. § 636(b)(1)(A). Thus, the Court's review of Judge Stephens's denial of summons is limited to determining whether Plaintiff has shown Judge Stephens's Orders are "clearly erroneous or contrary to law." *Id.*; *see also* FED. R. CIV. P. 72(a). The Court finds this standard has not been met with respect to the Orders under review.

Judge Stephens determined summons should not yet be issued because Plaintiff's Complaint has not yet been screened. Courts have a duty to screen complaints filed by

plaintiffs proceeding *in forma pauperis* and to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Courts have the same duty when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a)-(b).

Plaintiff argues that Judge Stephens has deprived her of a just, speedy, and inexpensive determination of her action by failing to screen her Complaint in a timely manner. *See* FED. R. CIV. P. 1. She expresses concerns that because her Complaint was filed more than 90 days ago, the Magistrate's denial of issuance of summons is in violation of Federal Rule of Civil Procedure 4(m).

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). Given the potential for a deadline extension, Plaintiff has failed to meet her burden demonstrating that Judge Stephens's denial of her requests for issuance of summons is "clearly erroneous or contrary to law."

Plaintiff also asserts Judge Stephens should be disqualified from this proceeding because his impartiality has been called into question. *See* 28 U.S.C. § 455. Contrary to Plaintiff's arguments, there is no basis for her suggestion that Judge Stephens's impartiality

2

is in question and her requests for vacating the referral to Judge Stephens and for reassignment of a new magistrate are DENIED.

ACCORDINGLY, Plaintiff's "Motion to Vacate Reference of Civil Matter to Magistrate Judge Chris M. Stephens" [Doc. No. 14] and Plaintiff's "Motion to Rescind and Stay Order of Magistrate Judge" [Doc. No. 16] are DENIED. Plaintiff's request for a hearing on these issues is also DENIED.

IT IS SO ORDERED this 12th day of January, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE